IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL OBAZEE, §
§
Plaintiff, §
§ Civil Action No. 3:15-CV-1082-D
VS. §
§
THE BANK OF NEW YORK MELLON §
f/k/a THE BANK OF NEW YORK AS §
TRUSTEE FOR THE §
CERTIFICATEHOLDERS OF THE §
CWABS, INC. ASSET-BACKED §
CERTIFICATES, SERIES 2006-19, §
et al., §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiff's property,

defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's action for failure to

state a claim on which relief can be granted.  Concluding that the motion should be deemed

a Rule 12(c) motion for judgment on the pleadings, the court grants the motion for the

reasons that follow, and it also grants plaintiff leave to replead.

I

According to plaintiff Samuel Obazee's ("Obazee's") state court petition, in January

2006 Obazee purchased real property located in Garland, Texas (the "Property").[1]  In

---

[1]As the court explains below, the standard for deciding a motion under Rule 12(c) is
the same as the one for deciding a motion under Rule 12(b)(6).  *See, e.g., Great Plains Trust
Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number

connection with the purchase, Obazee signed a promissory note and deed of trust that were, at some point, transferred to defendant The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-19.  Obazee's loan is currently being serviced by defendant Green Tree Servicing, LLC ("Green Tree").

On July 1, 2014 Obazee requested a loan modification from Green Tree.  He contends that his request has neither been approved nor denied and that he has received no notice or communication in connection with his request for mortgage assistance.  Defendants later noticed the Property for a March 3, 2015 foreclosure sale.

On the eve of foreclosure, Obazee filed suit in state court alleging claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f); violation of 12 C.F.R. § 1024.41; violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 329.001 *et seq.* (West 2006); and seeking a declaratory judgment.[2]  Defendants removed the case to this court, and they now move to dismiss Obazee's claims under Rule

---

of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)).  "For both [Rule 12(b)(6) and Rule 12(c)] motions . . . the well-pleaded facts are viewed in the light most favorable to the plaintiff."  *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (quoting *Turbomeca, S.A. v. Era Helicopters, LLC*, 536 F.3d 351, 354 (5th Cir. 2008)) (internal quotation marks omitted).  "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[2]Obazee also sought a temporary restraining order to prevent the foreclosure of his homestead.

12(b)(6).  Obazee opposes the motion.[3]

## II

## A

Because defendants filed their Rule 12(b)(6) motion *after* they filed their state-court answer, the court will treat the motion as a motion for judgment on the pleadings under Rule 12(c).  *See* Rule 12(b) ("A motion asserting [failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."); *Dorward v. Ramirez*, 2009 WL 2777880, at *3 n.4 (N.D. Tex. Aug. 28, 2009) (Fitzwater, C.J.) (construing motion filed under Rules 12(b)(6) and 12(c) as made under 12(c) because it was filed after defendant filed an answer); *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *13 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) ("[Defendant's] Rule 12(b)(6) motion is untimely because he filed it . . . after he answered [plaintiff's] first amended complaint[.] . . . Nevertheless, the court will treat the motion as if it were a Rule 12(c) motion for judgment on the pleadings.").

Obazee contends that defendants have waived their Rule 12(b)(6) motion by filing an amended answer containing only a general denial that does not specifically plead that Obazee failed to state a claim on which relief can be granted.  But even if the court assumes *arguendo* that defendants filed a deficient Rule 12(b)(6) motion, this does not preclude them from moving under Rule 12(c) for judgment on the pleadings on the basis that Obazee has

---

[3]Defendants have not filed a reply brief in support of their motion, and the motion is now ripe for decision.

failed to state a claim on which relief can be granted.  *See* Rule 12(h)(2) (permitting party to raise defense of failure to state a claim by motion for judgment on the pleadings under Rule 12(c)); *see also Fisher v. Dallas Cnty.*, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014) (Fitzwater, C.J.) ("[T]he intent of [Rules 12(g)(2) and (h)(2)] is to make clear that a party can raise by Rule 12(c) motion the defense of failure to state a claim on which relief can be granted[.]").

B

The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6).  *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)).  Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive defendants' motion to dismiss, Obazee must allege enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*,

550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the

speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not

'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted)

(quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Although "the

pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it

demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not

do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III

The court begins by addressing defendants' motion to dismiss Obazee's claim that

defendants violated 12 C.F.R. § 1024.41 and RESPA, 12 U.S.C. § 2605(f), by initiating

foreclosure proceedings without first providing Obazee a written response to his request for

a loan modification, as required under 12 C.F.R. § 1024.41(c)(1)(ii).

## A

Section 1024.41 of the Code of Federal Regulations provides instructions on loss

mitigation procedures. *See* 12 C.F.R. § 1024.41. This section does not require that the

servicer provide the borrower any specific loss mitigation options. *See id.* § 1024.41(a).

Instead, it specifies procedures and timing for reviewing loss mitigation applications,

including requiring the servicer to notify the borrower in writing, within 30 days of receipt

of a complete loss mitigation application,[4] which loss mitigation options, if any, it will offer

the borrower, or the specific reasons for denying a complete loss mitigation application.  *Id.*

§ 1024.41(c), (d).  In addition, § 1024.41(g) provides:

> If a borrower submits a complete loss mitigation application
> after a servicer has made the first notice or filing required by
> applicable law for any judicial or non-judicial foreclosure
> process but more than 37 days before a foreclosure sale, a
> servicer shall not move for foreclosure judgment or order of
> sale, or conduct a foreclosure sale, unless . . . [t]he servicer has
> sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this
> section that the borrower is not eligible for any loss mitigation
> option and the appeal process in paragraph (h) of this section is
> not applicable, the borrower has not requested an appeal within
> the applicable time period for requesting an appeal, or the
> borrower's appeal has been denied[.]

*Id.* § 1024.41(g).  Section 1024.41(f) similarly prohibits a loan servicer from making the first

notice or filing required by applicable law for any judicial or non-judicial foreclosure if a

borrower submits a complete loss mitigation application during the 120-day pre-foreclosure

review period or before a servicer has made the first notice or filing.  A borrower is entitled

to enforce the provisions of § 1024.41 under § 6(f) of RESPA, 12 U.S.C. § 2605(f).[5]  12

---

[4]Under § 1024.41(b), a complete loss mitigation application is an "application in
connection with which a servicer has received all the information that the servicer requires
from a borrower in evaluating applications for the loss mitigation options available to the
borrower."

[5]12 U.S.C. § 2605(f) provides, *inter alia*, that "[w]hoever fails to comply with any
provision of this section shall be liable to the borrower for each such failure" for, *inter alia*,
actual damages, statutory damages of up to $2,000, costs, and attorney's fees.

C.F.R. § 1024.41(a).

Obazee alleges that on July 1, 2014 he submitted a complete loss mitigation application; that his request has neither been approved nor denied; that "[i]n fact Plaintiff has received no notice or communication in connection to his request for mortgage assistance," Pet. ¶ 11; and that despite defendants' failure to comply with the notice provision in 12 C.F.R. § 1024.41(c)(1)(ii), they noticed his property for a March 3, 2015 foreclosure sale. These allegations, taken as true and viewed favorably to Obazee, are sufficient to plausibly plead a violation of 12 C.F.R. § 1024.41 (although the court later concludes that Obazee has not stated a claim under § 1024.41 for failure to plead that he has been damaged).

B

Defendants move to dismiss Obazee's claims under 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605(f) on the basis that he submitted a loss mitigation application on February 20, 2015 and that Green Tree sent Obazee's counsel of record a letter advising that Obazee's loss mitigation application was denied on February 27, 2015. Defendants contend that a servicer is only required to comply with § 1024.41 for a single loss mitigation application for a borrower's mortgage loan account, that Obazee's application was submitted and denied, and that Obazee was afforded the opportunity to appeal the denial but chose not to.

Although Obazee did not plead that he filed a loss mitigation application on February 20, 2015 and did not attach to his petition a copy of this filing or a copy of Green Tree's February 27, 2015 denial letter, defendants contend that the court can consider these documents in deciding their motion to dismiss because they "are referred to and/or denied

in the Petition" and "are also central to Plaintiff's claims."  Ds. Br. 4.  Assuming *arguendo*

that the court can consider Obazee's February 20, 2015 loss mitigation application and Green

Tree's February 27, 2015 letter denying Obazee's loan application, defendants are not

entitled to judgment on the pleadings.  This is because Obazee disputes that he ever received

notice that Green Tree was denying this application.  Therefore, based on the pleadings and

the documents, the court is unable to conclude as a matter of law that defendants did not

violate 12 C.F.R. § 1024.41.

C

Defendants next move to dismiss Obazee's claims under 12 C.F.R. § 1024.41 and

RESPA, 12 U.S.C. § 2605(f), on the basis that Obazee has failed to plead any actual damages

resulting from the alleged noncompliance with § 1024.41 and to plead a "pattern or practice

of noncompliance," as required to recover statutory damages.  Obazee alleges that he

suffered the following "harm" resulting from defendants' alleged violation of 12 C.F.R.

§ 1024.41:

> Plaintiff has been harmed by Defendants' noncompliance as he
> is now forced to incur additional fees and expenses associated
> with defending himself against this noncompliant foreclosure
> action as well as increased delay of a fair consideration of his
> loss mitigation application.  Such delay and any mounting
> arrearage will only serve as a pretext to eventually deny
> Plaintiff's modification request.  Further, Defendants are liable
> for statutory damages for [their] violations.

Pet. ¶ 20.

Obazee's petition does not plausibly allege that he was actually damaged as a result

- 8 -

of defendants' alleged RESPA violations. *See, e.g., Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 768 (N.D. Tex. 2012) (Ramirez, J.) (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of . . . RESPA."), *rec. adopted*, 880 F.Supp.2d 747 (N.D. Tex. 2012) (Lynn, J.).   So far as the court can discern, the only "damages" that Obazee alleges he has suffered as a result of defendants' actions are the incurring of fees and expenses in bringing this lawsuit (which he characterizes as costs of "defending himself"), and statutory damages.[6]  But "simply having to file suit [does not] suffice as a harm warranting actual damages [under RESPA].  If such were the case, every RESPA suit would inherently have a claim for damages built in."   *Lal v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010); *see also Steele v. Quantum Servicing Corp.*, 2013 WL 3196544, at *7 (N.D. Tex. June 25, 2013) (Lindsay, J.) (concluding that "any attorney's fees incurred by Plaintiffs are insufficient to meet the requirement that they suffered actual damages as a result of Defendants'[] alleged RESPA violations."), *cited with approval in Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833, 836-37 (5th Cir. 2014) (per curiam).  The same is true for statutory damages.  If a plaintiff were considered harmed merely because a statute entitled him to recover specified

---

[6]Obazee also makes the conclusory allegation that he is being harmed by "increased delay of a fair consideration of his loss mitigation application."  Pet. ¶ 20.  He asserts that "[s]uch delay and any mounting arrearage will only serve as a pretext to eventually deny Plaintiff's modification request."  *Id.*  But Obazee pleads no facts that would enable the court to draw the reasonable inference that defendants would use the arrearage that has accrued since Obazee first sought relief as a pretext to deny a loan modification request.

damages regardless whether he was actually damaged, every such suit "would inherently have a claim for damages built in." *Lal*, 680 F.Supp.2d at 1223.

Accordingly, because Obazee has failed to plausibly allege that he has suffered actual damages as a result of defendants' alleged violations of 12 C.F.R. § 1024.41 and RESPA, 12 U.S.C. § 2605(f), the court grants defendants' motion to dismiss these claims.[7]

IV

Defendants move to dismiss Obazee's TDCA claim, contending that he has failed to plead supporting facts for any of his TDCA allegations.  Obazee responds that he has alleged that he requested a loan modification from Green Tree on July 1, 2014; that he received no notice on whether his request had been approved or denied; that Green Tree noticed the Property for a March 3, 2015 foreclosure sale; and that under 12 C.F.R. § 1024.41(g), defendants were not allowed to notice the Property for a foreclosure sale or seek to sell the Property at a foreclosure sale while his modification request was pending.  Obazee thus contends that he has plausibly alleged that defendants violated Tex. Fin. Code Ann. § 392.301(a)(8), which prohibits "threatening to take an action prohibited by law."

The court grants defendants' motion to dismiss Obazee's TDCA claim.  Tex. Fin. Code Ann. § 392.301(a)(8) prohibits a debt collector from, *inter alia*, "us[ing] threats, coercion, or attempts to coerce" by "threatening to take an action prohibited by law."

---

[7]12 U.S.C. § 2605(f) also permits the recovery of statutory damages "in the case of a pattern or practice of noncompliance with the requirements of this section."  Although Obazee pleads that he is entitled to statutory damages, he has failed to plausibly allege that defendants engaged in a "pattern or practice of noncompliance."

Although Obazee alleges that defendants acted in violation of 12 C.F.R. § 1024.41, he does not assert that they used "threats, coercion, or attempts to coerce" that employed the practice of *threatening* to take an action prohibited by law.  Accordingly, because Obazee has failed to plausibly allege a violation of Tex. Fin. Code Ann. § 392.301(a)(8), the court grants defendants' motion to dismiss this claim.

V

Obazee also requests a declaratory judgment[8] declaring that defendants violated 12 C.F.R. § 1024.41 and that they are therefore prohibited from proceeding with foreclosure proceedings until they give the notice required by § 1024.41(c)(1)(ii) and afford Obazee the opportunity to appeal any denial of a loan modification.  The court dismisses this claim for two reasons.

First,

> [t]he federal Declaratory Judgment Act ["DJA"] does not create a substantive cause of action.  A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law.  Federal courts have broad discretion to grant or refuse declaratory judgment.  Since its inception, the DJA has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.  The DJA is an authorization, not a command.  It

---

[8]Although Obazee filed this lawsuit in Texas state court and sought a declaratory judgment under Texas law, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citation omitted).

- 11 -

> gives federal courts the competence to declare rights, but it does
> not impose a duty to do so.

*Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citation omitted), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). Because Obazee has failed to plead a plausible substantive claim under RESPA, 12 C.F.R. § 1024.41, or the TDCA, the court declines in its discretion to entertain his request for a declaratory judgment. *See id.* at *6

Second, the court declines in its discretion to adjudicate Obazee's declaratory judgment action because it is duplicative of his claim that defendants violated 12 C.F.R. § 1024.41.[9] *See, e.g., Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, at *9 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) (noting that declaratory judgment action should be dismissed because it duplicated plaintiffs' quiet title claim); *Kougl v. Xspedius Mgmt. Co. of DFW, L.L.C.*, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (Fitzwater, J.) (denying as redundant a declaratory judgment claim seeking contract interpretation where this would be resolved as part of breach of contract action); 6 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1406, at 30-31 (3d ed. 2010) ("When the request for declaratory

---

[9]A district court has the authority to consider the sufficiency of a complaint and dismiss an action *sua sponte*, as long as the procedure it employs is fair. *See, e.g., Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting leave to replead). Here, because the court is granting Obazee leave to replead, it can raise this ground for judgment on the pleadings *sua sponte*.

relief brings into question issues that already have been presented . . . a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it.").  If Obazee can demonstrate a reason that a declaratory judgment claim should be entertained, he can attempt to plead a plausible claim in his amended complaint.

## VI

Although the court is granting defendants' motion to dismiss under Rule 12(c), it will permit Obazee to replead.  *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).  Because there is no indication that Obazee cannot, or is unwilling to, replead in an attempt to state claims against defendants, the court grants him leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed.

- 13 -

*     *     *

For the foregoing reasons, defendants' motion to dismiss is granted, and plaintiff is granted leave to file an amended complaint.

**SO ORDERED**.

July 31, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE