IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL OBAZEE,<br><br>       Plaintiff,<br><br>VS.<br><br>THE BANK OF NEW YORK MELLON<br>f/k/a THE BANK OF NEW YORK AS<br>TRUSTEE FOR THE<br>CERTIFICATEHOLDERS OF THE<br>CWABS, INC. ASSET-BACKED<br>CERTIFICATES, SERIES 2006-19,<br>et al.,<br><br>       Defendants. | Civil Action No. 3:15-CV-1082-D |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiff's property, defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. For the reasons set out below, the court denies the motion.

I

Because this case is the subject of a prior opinion, *Obazee v. Bank of New York Mellon*, 2015 WL 4602971 (N.D. Tex. July 31, 2015) (Fitzwater, J.) ("*Obazee I*"), the court will recount only the background facts and procedural history necessary to understand the present decision.

According to plaintiff Samuel Obazee's ("Obazee's") first amended complaint, in January 2006 he purchased real property located in Garland, Texas (the "Property"). He

signed a promissory note and deed of trust that, at some point, were transferred to defendant The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-19. Obazee's loan is currently serviced by defendant Green Tree Servicing, LLC ("Green Tree").

On or about June 18, 2014 Obazee requested a loan modification from Green Tree. He contends that his request has neither been approved nor denied and that he has received no notice or communication in connection with his request for mortgage assistance. Defendants later noticed the Property for a March 3, 2015 foreclosure sale.

On the eve of foreclosure, Obazee filed suit in state court alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), including of 12 C.F.R. § 1024.41, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 329.001 *et seq.* (West 2006)), and seeking a declaratory judgment and other relief.[1] Defendants removed the case to this court, and moved to dismiss under Rule 12(b)(6). Because defendants filed their motion after they answered Obazee's state court petition, the court construed it as a Rule 12(c) motion for judgment on the pleadings, granted the motion, and dismissed Obazee's claims with leave to replead.

Obazee then filed a first amended complaint ("amended complaint"), alleging that defendants are liable for actual and statutory damages for violating RESPA, and seeking a

---

[1]Obazee also sought a temporary restraining order ("TRO") to prevent the foreclosure of his homestead.

declaratory judgment.[2] Defendants move anew to dismiss. Obazee opposes the motion.[3]

II

To survive defendants' motion to dismiss, Obazee must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U. S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[2]It appears that Obazee no longer asserts a claim under the TDCA or seeks a TRO.

[3]Defendants have not filed a reply brief in support of their motion, and the motion is now ripe for decision.

III

The court turns first to defendants' motion to dismiss Obazee's RESPA claim.

A

Obazee alleges that defendants violated 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605(f) by initiating foreclosure proceedings without first providing a written response to his request for a loan modification, as required under 12 C.F.R. § 1024.41(c)(1)(ii). In *Obazee I* the court (1) held that Obazee's state court petition plausibly pleaded a violation of 12 C.F.R. § 1024.41; (2) held that Obazee failed to plausibly plead that he had suffered actual damages resulting from defendants' alleged noncompliance with 12 C.F.R. § 1024.41, and to plausibly allege a pattern or practice of noncompliance, as required to recover statutory damages; and (3) dismissed Obazee's claim under 12 C.F.R. § 1024.41 on that basis. *Obazee I*, 2015 WL 4602971, at *3, 4 & n.7. Because in his amended complaint Obazee has materially altered his allegations of actual and statutory damages, *compare* Pet.¶ 20 *with* Am. Compl. ¶¶ 8-10, 18, the court addresses next whether the amended complaint sufficiently pleads that Obazee suffered the actual or statutory damages necessary to plead a plausible claim that defendants violated 12 C.F.R. § 1024.41.

B

Section 2605(f) imposes liability for "any actual damages to the borrower as a result of the [RESPA violation]." 12 U.S.C. § 2605(f)(1)(A). To plead a plausible claim, Obazee must adequately allege that he was actually damaged as a result of defendants' alleged RESPA violations. *Obazee I*, 2015 WL 4602971, at *4 (citing *Hurd v. BAC Home Loans*

*Servicing, LP*, 880 F.Supp.2d 747, 768 (N.D. Tex. 2012) (Ramirez J.), *rec. adopted*, 880 F.Supp.2d 747 (N.D. Tex. 2012) (Lynn, J.)). The statute neither defines "actual damages" nor gives examples of what constitutes actual damages. Thus the court "look[s] to the plain meaning of the term." *Hernandez v. U.S. Bank, N.A.*, 2013 WL 6840022, at *5 (N.D. Tex. Dec. 27, 2013) (O'Connor, J.) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "The term 'actual damages' is synonymous with 'compensatory damages,' which is defined as 'such [damages] as will compensate the injured party for the injury sustained, and nothing more[.]'" *Hernandez*, 2013 WL 6840022, at *5 (quoting Black's Law Dictionary at 390 (6th ed. 1990)).

Obazee alleges that, as a result of defendants' failure to respond to his June 18, 2014 request for loan modification, he suffered three types of actual damages. First, Obazee alleges that, when defendants failed to respond to his request for loan modification, he hired RBC Law Center to contact Green Tree and negotiate a loan modification. Obazee paid RBC Law Center $2,480 for its services. Second, Obazee avers that he spent between 33 and 45 hours on the telephone with defendants' representatives discussing his request for loan modification, and that he has suffered between $990 and $1,350 in damages for his lost time due to defendants' failure to respond to his loan modification. Third, Obazee asserts that, because of defendants' failure to respond to his loan modification request, he was forced to take time away from his job and lost $3,000 in income as a result.

This court has held that allegations of late fees and additional interest resulting from a RESPA violation are sufficient to plead actual damages. *See Enis v. Bank of Am., N.A.*,

2013 WL 840696, at *3 (N.D. Tex. Mar. 7, 2013) (Fitzwater, C.J.). Other courts have concluded that actual damages include the following:

> (1) out-of-pocket expenses incurred dealing with the RESPA violation including expenses for preparing, photocopying and obtaining certified copies of correspondence, (2) lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer, to the extent it resulted in actual pecuniary loss[,] (3) late fees[,] and (4) denial of credit or denial of access to full amount of credit line.

*McLean v. GMAC Mortg. Corp.*, 595 F.Supp.2d 1360, 1366 (S.D. Fla. 2009) (citing cases), *aff'd*, 398 Fed. Appx. 467 (11th Cir. 2010).

Obazee has sufficiently pleaded that he suffered actual damages resulting from the alleged RESPA violation. For example, Obazee alleges that he incurred actual expenses in the form of attorney's fees paid to RBC Law Center as a result of defendants' alleged failure to timely respond to his request for loan modification. Accordingly, the court denies defendants' motion to dismiss Obazee's RESPA claim based on the contention that he has failed to adequately allege that he suffered actual damages.

C

The court considers next whether Obazee has sufficiently pleaded that he is entitled to statutory damages under 12 U.S.C. § 2605(f)(1)(B).

Statutory damages of up to $2,000 are recoverable if defendants have engaged in "a pattern or practice of noncompliance" with RESPA. 12 U.S.C. § 2605(f)(1)(B). Obazee alleges that Green Tree has engaged in a pattern of noncompliance with RESPA, as demonstrated by three other pending lawsuits in which plaintiffs allege violations of RESPA,

and at least 1,417 consumer complaints[4] against Green Tree and/or Ditech Financial, LLC ("Ditech")[5] regarding "loan modification, collection, [or] foreclosure" that were filed with the Consumer Financial Protection Bureau ("CFPB") since January 1, 2014.

Because § 2605(f)(1)(B) does not specify what constitutes a "pattern or practice of noncompliance" with RESPA, courts have interpreted the phrase in accordance with the usual meaning of the words to mean "'a standard or routine way of operating.'" *See McLean*, 595 F.Supp.2d at 1365-66 (quoting *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002)). Courts have also required that plaintiffs seeking statutory damages present evidence of a "standard or institutionalized practice of noncompliance" by the defendant. *McLean*, 595 F.Supp.2d at 1365 (citation omitted).

Obazee alleges that, in three other pending lawsuits and in at least 1,417 CFPB complaints, others have complained of, or sought relief for, defendants' alleged RESPA violations. Other courts have held—quite correctly—that "[a]lleging a pattern or practice of *noncompliance* requires more than a bare assertion" of the making of complaints. *Bennett v. Nationstar Mortg., LLC*, 2015 WL 5294321, at *12 (S.D. Ala. Sept. 8, 2015) (emphasis in original). One reason that alleging the making of complaints is insufficient to plead a "pattern or practice" is because "'complaints' do not equate to 'noncompliance[.]'" *Id.* But

---

[4]It is unclear whether Obazee includes 50 consumer complaints against Green Tree in the 1,417 consumer complaints against Ditech. The court therefore considers there to be "at least" 1,417 consumer complaints against Ditech.

[5]Obazee alleges that Green Tree changed its name to Ditech on August 31, 2015.

even cases like *Bennett* appear to leave open the possibility that there may be "a threshold number of alleged consumer complaints that would sufficiently plead a pattern or practice of noncompliance," *id.*, although the *Bennett* court declined to speculate as to what that number would be.

Accordingly, until the law develops more fully as to what is necessary to plead a plausible "pattern or practice of noncompliance" under RESPA, the court concludes a plaintiff who alleges that several other lawsuits alleging RESPA violations have been filed by other parties against the same defendant, and that more than 1,400 complaints related to "loan modification, collection, [or] foreclosure" have been made to the CFPB by other persons against the same defendant, is sufficient to plead a claim for statutory damages under RESPA.[6]

The court therefore denies defendants' motion to dismiss Obazee's claim for statutory damages on the basis that he has failed to state a plausible claim for such damages.

IV

Obazee also requests a judgment declaring that defendants have violated 12 C.F.R. § 1024.41, and that they are therefore prohibited from proceeding with foreclosure proceedings until they provide him the notice required by § 1024.41(c)(1)(ii) and afford him the opportunity to appeal any denial of a loan modification. Defendants move to dismiss this

---

[6]The court does not suggest that Obazee can survive a summary judgment motion addressed to this question. In that context, Obazee will shoulder a higher burden than merely pleading a plausible claim.

claim, contending that Obazee has failed to state a plausible claim for relief under RESPA.

Because the court has held above that Obazee has pleaded a plausible RESPA claim, this ground of defendants' motion fails.  Accordingly, the court denies defendants' motion to dismiss Obazee's request for declaratory judgment.

\* \* \*

For the foregoing reasons, the court denies defendants' motion to dismiss.

**SO ORDERED**.

December 10, 2015.

                                          SIDNEY A. FITZWATER
                                          UNITED STATES DISTRICT JUDGE